# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY J. GRACIA,** | : | CIVIL NO. 1:18-CV-1186 |
| | : | |
| **Plaintiff** | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JOHN STEINHART**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Anthony Gracia ("Gracia") is a former inmate who was housed at all relevant times at the State Correctional Institution at Dallas, Pennsylvania ("SCI-Dallas").[1] Gracia commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The remaining named defendant is Corrections Health Care Administrator John Steinhart. (Id.) Before the court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute this action. (Doc. 23). For the reasons that follow, the court will grant defendant's motion, dismiss the complaint, and close this case.

## I.  Background

Gracia alleges that on March 29, 2018, he swallowed multiple "foreign bodies including screws, razor blade pieces, etc." (Doc. 1, at 2). He reported this fact to the medical department on the same day. (Id.) Gracia complains that, instead of

---

[1] Gracia has been released from custody and is no longer incarcerated. (See Doc. 27).

sending him to the emergency room, the medical department placed him in a Psychiatric Observation Cell for one week. (Id. at 2-3). As a result, Gracia claims that he suffered from "nearly unsupervised" pain for three days. (Id. at 3). The complaint contains no specific allegations against defendant Steinhart. (See Doc. 1).

On August 15, 2019, defendant filed a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (Doc. 24). Gracia did not file a response to defendant's motion. On August 21, 2019, the court issued an order directing Gracia to file with the court, within twenty days, his current address. (Doc. 26). The court further cautioned Gracia that failure to respond to the court's order could result in dismissal of the action for failure to prosecute and failure to comply with a court order. (Id.) Gracia failed to respond in any way to the court's order.

## II. Discussion

In moving to dismiss pursuant to Rule 41(b), defendant contends that the factors set forth by the United States Court of Appeals for the Third Circuit in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), support dismissal of Gracia's complaint. (Doc. 25). The Poulis court has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868 (emphases omitted). Not all of the Poulis factors need be satisfied to dismiss a complaint. See Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009) (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

In the present matter, Gracia is *pro se* and is solely responsible for his actions. See Colon v. Karnes, 2012 U.S. Dist. LEXIS 14692, at *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). At this point, the court has been waiting for six months for Gracia to communicate with the court, and can only conclude that he is personally responsible for failing to inform the court of his whereabouts.

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Gracia's continued failure to communicate with the court and his continued inaction frustrates and delays the resolution of this case. This failure to communicate prejudices the defendant who seeks a timely resolution of the case. See Azubuko v. Bell National Organization, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

Third, Gracia has established a history of dilatoriness through his failure to notify the court of his whereabouts and failure to comply with court orders and rules. Specifically, Gracia has not communicated with the court since March 29, 2019. (Doc. 18). On August 21, 2019, the court ordered Gracia to provide the court with his current address, and warned him that this case was subject to dismissal for failure to prosecute. (Doc. 26). Gracia failed to comply with that order, and the time for complying has now passed. The court finds that over the past six months, Gracia has delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." Briscoe v. Klem, 538 F.3d 252, 261 (3d Cir. 2008). A *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. (See M.D. Pa. Local Rule of Court 83.18 (providing that a *pro se* plaintiff "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party."); see also Doc. 6, at 4, Standing Practice Order in Pro Se Plaintiff Cases). Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. (Id.) If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit. (Id.) It is clear that Gracia has failed to comply with the terms set forth in Middle District of Pennsylvania Local Rule 83.18 and the Standing Practice Order.

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. It appears that at least some of this dilatory behavior was performed willfully and in bad faith, as Gracia has offered no

4

explanation for his failure to provide the court with his current address, and has been less than diligent in pursuing this matter.  Gagliardi v. Courter, 144 F. App'x 267, 268 (3d Cir. 2005) (holding that the district court did not abuse its discretion by dismissing plaintiff's complaint for failure to prosecute, where plaintiff failed to respond to defendants' motion to dismiss for more than three months and this failure to comply prejudiced defendants).

Fifth, a district court must consider the availability of sanctions alternative to dismissal.  Poulis, 747 F.2d at 869.  Given Gracia's indigence, alternative, monetary, sanctions would not be effective.  See Dennis v. Feeney, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent").  Moreover, the court is incapable of imposing a lesser sanction without knowledge of Gracia's whereabouts.

The final Poulis factor is meritoriousness of the claim.  A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery.  Poulis, 747 F.2d at 870.  The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious.  Poulis, 747 F.2d at 869-70.  The court finds that consideration of this factor cannot save Gracia's claims, since he is now wholly non-compliant with his obligations as a

litigant.  Thus, the weight of this factor is lessened and, following a full analysis of the Poulis factors, the majority of the six factors weigh in favor of defendant.

### III. Conclusion

Gracia's last communication with the court was on March 29, 2019.  (Doc. 18). It is clear that Gracia has been released from custody.  (See Doc. 27).  Despite being ordered to provide the court with his current address, Gracia has not responded, and defendant continues to be prejudiced by the delay.  The court therefore finds that dismissal is appropriate under the circumstances.

A separate order shall issue.

   /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     September 11, 2019